UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:18-cv-10131-MARTINEZ/AOR

DONALD PEREAU,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court upon Richard A. Culbertson's ("Mr. Culbertson") Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) ("Section 406(b)") (hereafter, "Unopposed Section 406(b) Motion") [D.E. 32]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 33]. For the reasons stated below, the undersigned respectfully recommends that Mr. Culbertson's Unopposed Section 406(b) Motion be GRANTED.

**BACKGROUND**

On August 10, 2018, Plaintiff Donald Pereau ("Plaintiff" or "Claimant") filed a Complaint against the Commissioner of Social Security ("Commissioner") seeking reversal of an Administrative Law Judge's ("ALJ") final administrative decision (hereafter, "First Appeal") [D.E. 1]. On February 28, 2020, the undersigned issued a Report and Recommendation recommending that the cause be remanded to the Commissioner for further proceedings on the basis that the ALJ erred in her treatment of the Department of Veteran Affairs' disability rating.

See Report and Recommendation [D.E. 25]. On March 19, 2020, the Court adopted the Report and Recommendation and entered a judgment reversing the Commissioner's final administrative decision and remanding the cause for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) [D.E. 27].[1] Thereafter, in accordance with the undersigned's additional Report and Recommendation [D.E. 30], the Court awarded Claimant's counsel, Mr. Culbertson, fees in the amount of $6,253.66 pursuant to the Equal Access to Justice Act (hereafter, "EAJA") [D.E. 31].

On February 2, 2021, Claimant filed a second complaint against the Commissioner seeking reversal of an ALJ's final administrative decision as to the same claim. See Pereau v. Comm'r of Soc. Sec., Case No. 4:21-cv-10016-KMM (hereafter, "Second Appeal"). Upon the Commissioner's Unopposed Motion to Remand in that case, United States District Judge K. Michael Moore ("Judge Moore") reversed the Commissioner's final administrative decision and remanded the cause for further proceedings. See Second Appeal at Paperless Order [D.E. 20]. Judge Moore also awarded Mr. Culbertson fees in the amount of $653.51 pursuant to the EAJA. See Second Appeal at Order on Amended Report and Recommendation [D.E. 28].

After remand, the Commissioner remitted to Claimant $127,573.90 in retroactive benefits. See Unopposed Section 406(b) Motion [D.E. 32 at 2]. Mr. Culbertson now asks the Court to award him $15,000 for his representation of Claimant in both cases pursuant to the terms of his fee agreement with Claimant (hereafter, "Fee Agreement") [D.E. 32-1]. The Fee Agreement provides for attorney's fees in the amount of 25 percent of any past-due benefits awarded to Claimant minus any attorney's fees paid to Mr. Culbertson under the EAJA. Id. Mr. Culbertson calculates his $15,000 fee request as follows: 25% of the $127,573.90 past-due benefits amount, which equals

---

[1] Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

$31,893.48, minus the EAJA fees award of $6,907.17 ($6,253.66 + $653.51) totals $24,986.31; and Mr. Culbertson has voluntarily reduced his fee request from $24,986.31 to $15,000. See Unopposed Section 406(b) Motion [D.E. 32 at 2].

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 406(b)(1)(A), the Court may award a "reasonable fee" to counsel for work performed in the Court. However, the award cannot exceed 25 percent of the total of the past-due benefits which have been awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the United States Supreme Court stated:

> . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Id. at 807. In evaluating the reasonableness of a contingent fee agreement, courts consider "the character of the representation and the results the representative achieved." Id. at 808. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. (citing Rodriquez v. Bowen, 865 F.2d 739, 746–47 (6th Cir. 1989)). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." Id. "In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Id.

3

With regard to prior EAJA awards, "Congress harmonized awards for attorney's fees under the EAJA with awards under § 406(b) by requiring the claimant's attorney 'to refund to the claimant the amount of the smaller fee.'" Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006) (quoting Gisbrecht, 535 U.S. at 796). An attorney "may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1274 (11th Cir. 2010).

## **DISCUSSION**

The contingency fee set forth in the Fee Agreement executed by Claimant falls within the 25 percent boundary prescribed by 42 U.S.C. § 406(b)(1)(A). See Fee Agreement [D.E. 32-1]. Mr. Culbertson also effectuated the refund required by Jackson and its progeny by deducting the EAJA fees award from his request. See Unopposed Section 406(b) Motion [D.E. 32 at 4]. Further, Mr. Culbertson certified that he and his associate, Sarah P. Jacobs ("Ms. Jacobs"), spent at least 30.5 hours working on this case at the federal court level. Id. at 2.

The undersigned finds no indicia of delay on the part of Mr. Culbertson and does not find that the benefits received by Claimant are excessively large in comparison to the 30.5 hours spent by Mr. Culbertson and Ms. Jacobs. Moreover, Mr. Culbertson has already voluntarily reduced his fee request by close to $10,000. Therefore, the undersigned concludes that the $15,000 fee sought by Mr. Culbertson is reasonable and that no further reduction to the fee sought is necessary.

## **RECOMMENDATION**

In light of the foregoing, the undersigned RESPECTFULLY RECOMMENDS that the Unopposed Section 406(b) Motion [D.E. 32] be GRANTED and that Mr. Culbertson be AWARDED fees in the sum of $15,000 pursuant to 42 U.S.C. § 406(b)(1).

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date

of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 6th day of April, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Jose E. Martinez
      Counsel of Record